**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| RAFAEL VALLADARES, individually and on behalf of classes of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. |
| v. | ) ) | |
| BLACKBOARD, INC., a Delaware corporation, and BLACKBOARD CONNECT, INC., a North Carolina corporation, | ) ) ) ) | Judge: |
| *Defendants*. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Rafael Valladares ("Plaintiff") brings this class action complaint against Defendants Blackboard, Inc. and Blackboard Connect, Inc. (collectively, "Blackboard" or "Defendants") to stop Defendants' unlawful automated calling practices in the form of unauthorized informational calls to cellular telephones, and to obtain redress for all persons injured by their conduct. For his Class Action Complaint, Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. In an effort to advance its education technology business, Blackboard, a provider of automated calling services to school districts throughout the country, violated federal law by making unauthorized informational calls using a prerecorded or artificial voice ("robocalls") to the cellular telephones of individuals throughout the nation.

1

2. By effectuating these unsolicited robocalls, Blackboard has violated the called parties' statutory rights and has caused such call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited calls – particularly calls using a prerecorded or non-human artificial voice – but also because the called parties, like Plaintiff, frequently have to pay their cellular phone providers for the receipt of such calls, notwithstanding the fact that the calls are made in violation of specific legislation on the subject.

3. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its implementing regulations, 47 C.F.R. §64.1200, *et seq.*, prohibit companies, such as Blackboard, from placing automated informational calls featuring an artificial or prerecorded voice to cellular telephones without first obtaining the consent of the called party. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC Report and Order, CG Docket No. 02-278* (Feb. 15, 2012). Blackboard has violated, and continues to violate, the TCPA and its regulations by placing automated calls that feature an artificial or prerecorded voice to cellular telephones without obtaining the advance consent of the called party to be sent such calls. Indeed, many such cellular telephone subscribers, including Plaintiff, have received Blackboard's robocalls despite the fact that they have never consented to receive such calls and have repeatedly requested – to no avail – that Blackboard discontinue placing such calls.

4. In order to redress these injuries, Plaintiff, on behalf of himself and two nationwide Classes, brings this suit under the TCPA, which protects the privacy right of consumers to be free from receiving unsolicited informational calls on cellular telephones.

5. On behalf of the Classes, Plaintiff seeks an injunction requiring Blackboard to cease all unauthorized calls to cellular telephones that feature a prerecorded or artificial voice and an award of statutory damages to the class members, together with costs and attorneys' fees.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

7. Venue is proper in the Northern District of Illinois under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendants transact business in this District, and a substantial part of the events concerning the unauthorized robocalls at issue occurred in this District, as Plaintiff's cellular telephone received Defendants' unsolicited prerecorded calls within this District.

## PARTIES

8. Plaintiff Valladares is a resident of the State of Illinois.

9. Defendant Blackboard, Inc. is a provider of calling technology and services to universities and other schools located throughout the nation, including the Chicago Public Schools ("CPS"). Defendant is the owner and operator of codefendant Blackboard Connect, Inc. Defendant is a Delaware corporation with its principal place of business located in Washington, D.C. Defendant is registered and conducts business in Illinois, including in this District, and conducts business elsewhere throughout the United States.

10. Defendant Blackboard Connect, Inc. is a provider of calling technology and services to universities and other schools located throughout the country including CPS. Defendant is a wholly owned subsidiary of codefendant Blackboard, Inc. and the operator of the

Blackboard Connect™ service, which boasts on its website that in one year alone "over 500 million voice messages were sent using Blackboard Connect." Defendant is a North Carolina corporation with its principal place of business located in Washington, D.C. Defendant is registered and conducts business in Illinois, including in this District, and conducts business elsewhere throughout the United States.

## COMMON ALLEGATIONS OF FACT

11. Blackboard is a provider of automated calling services for primary and secondary schools and universities throughout the country. Blackboard's automated calling service, known as Blackboard Connect™, is a notification system that is intended to permit schools to broadcast messages to their intended audiences, primarily consisting of students and their parents, through the widest possible range of communication channels including automated calling.

12. Blackboard provides its automated calling services to schools, including CPS, through contracts known as software and services agreements. These agreements provide for outbound calling by Blackboard for various purposes on behalf of its customer schools, including daily attendance notification calls, PTA meeting scheduling calls, and district-wide school informational calls, among others.

13. The scope and breadth of Blackboard's automated calling operation is vast, having the capability to deliver automated voice messages to over three million phone numbers per hour on behalf of hundreds, if not thousands, of customer schools simultaneously.

14. In an effort to increase efficiencies and to attract additional customers for its automated calling services, Blackboard has streamlined the phone number inputting process for its customer schools to eliminate procedures necessary to confirm that the individuals who are sent automated calls are actually the individuals for whom such calls were actually intended.

15. Indeed, because Blackboard markets its automated calling services to its customers as virtually limitless, Blackboard has a vested interest in permitting calls to be placed to as many phone numbers as possible on behalf of its customer schools. As a result, Blackboard has not placed any effective limitations on its automated calling operation to ensure that proper consent from the called party is obtained in advance so as to prevent unauthorized calls from being made, or even to effectively honor and process requests to discontinue such robocalls.

16. As a consequence, many of the telephone numbers to which Blackboard makes automated calls are either initially inaccurate or else become inaccurate over time. As a result, Blackboard routinely places prerecorded or artificial voice calls to the cellular telephones of individuals who never provided consent to be called by Blackboard or its customers, and Blackboard continues to make such calls even after the called parties complain or otherwise communicate that they do not consent to receive such calls.

17. For instance, on or about September 23, 2014, Blackboard attempted to contact parents of students attending George B. Armstrong International Studies Elementary School, located in Chicago.

18. Instead of calling a parent of such a student, however, Blackboard called Plaintiff and left the following prerecorded voice message featuring a non-human "artificial" voice on his cellular telephone:

> "Greetings parents of George Armstrong School, there will be NCLB/Tax meeting tomorrow Wednesday September 24, 2014 at 6 o'clock pm in the school auditorium. All parents are welcome to attend. We hope to see you there. Thank you."

19. Plaintiff is not now, and has never been, a parent of any children, much less of any children who attended George Armstrong School. Moreover, Plaintiff does not know anyone, or any parents of anyone, who has attended George Armstrong School.

20. The above message is the latest unsolicited prerecorded voice message that Blackboard has left on Plaintiff's cellular telephone. Indeed, before receiving the prerecorded message above, Plaintiff has had his privacy invaded by Blackboard virtually every week, receiving the same or similar telephone calls from a prerecorded or artificial voice on numerous occasions over the last several months.

21. Below are just two of the numerous other robocalls that Blackboard has made to Plaintiff's cellular telephone in just September 2014 alone:

> "Parents, the Friends of Armstrong PTA is having a general meeting on September 23, 2014 at 6pm in the school's auditorium. Whether you are a member or not, you can come and hear all the terrific activities the PTA is planning as well as the educational projects being funded. Also, you can make suggestions to the PTA about future activities and projects. Please come and be a part of this wonderful opportunity to make our school better. Thank you."

> "This is an important message from Chicago Public Schools regarding an unexcused absence. School attendance is critical to your student's academic achievement. Please listen: your child David was absent from Armstrong Elementary School today September 17, 2014. For more information please contact your school during regular office hours. Thank you."

22. Exasperated, Plaintiff repeatedly informed Blackboard's customer, CPS, that the phone number that Blackboard had been calling did not belong to a parent of a child attending CPS, that Plaintiff did not have any children, including anyone named "David," and that Blackboard did not have permission to call Plaintiff's cellular telephone. However, Plaintiff's complaints were repeatedly ignored, and Blackboard's prerecorded calls continued unabated.

23. At no time did Plaintiff sign up for, or otherwise consent to receive, any calls from Blackboard or its customers.

24. Blackboard has repeatedly failed to comply with applicable federal law prohibiting unsolicited prerecorded or artificial voice calls placed to cellular telephones, including those placed on behalf of schools.

25. Blackboard has also repeatedly failed to comply with applicable provisions of the contracts into which it has entered with its customer schools, including CPS, whose contract with Blackboard expressly requires Blackboard's compliance with all federal law, including the TCPA.

26. Indeed, Blackboard's placement of misdirected calls results in the intended recipients of the calls failing to receive the important school-related messages, in direct contravention of the very purpose of the service for which Blackboard's customers have contracted.

27. Further, Blackboard's placement of misdirected calls is also an inefficient business practice that has the effect of increasing the cost of doing business for customer schools, including CPS, as the schools are required to pay Blackboard for its calling services irrespective of the existence and extent of such wasted, misdirected calls.

28. Not only do Blackboard's robocalls waste public money, they also serve to undermine support for public schools in their respective communities through the increased frustration toward the schools among the residents who receive such calls, including Plaintiff, through reduced good will and confidence in such schools' management, and through an

increased risk of the proper, intended recipients of the automated calls not receiving the correct messages.

29. Further exacerbating the situation, Blackboard continues to place robocalls to cellular telephone subscribers who communicate their lack of consent and repeatedly request that such calls cease. Adding insult to injury, the recipients of these unauthorized calls are not only annoyed and frustrated, they are also forced to bear the costs of receiving these unsolicited and unauthorized prerecorded calls.

30. Blackboard's practice of making unauthorized robocalls, and continuing to place them despite complaints from the called parties, is widespread and well-documented, as seen from just a few samples of the many complaints involving calls Blackboard placed on behalf of CPS that have been publicly posted online:

- "Chicago Public Schools...you are terrible. I've made MULTIPLE attempts to get my new phone number out of their database. I have no children and I am not a contact for anyone. Finally had to block this number and the other one they call from as well....773-553-1000. I rec'd 10 calls yesterday. 10. Absolutely ridiculous." (Annoyed, 09/23/11)
- "Please let me know how to stop these calls. They call early in the mornings, and late in the night...I just want them to stop, I do not even have kids. They have been calling me for almost a year now and I can't figure out how to stop them....Please, I'm getting desperate." (Shontelle, 05/07/2010)
- "Yeah, this number called me and it was an automated message saying that my child was absent from school today. I don't even have kids. They keep

calling back every couple of hours and leaving other nonsensical messages that have nothing to do with me." (Annoyed, 06/04/2009)

- "This number has been calling me for the past few months. The first time they called 3 times, then left a voicemail, which was a computer telling me my child has missed school today. I …don't have any kids. They keep calling, and when I answer to tell them they have the wrong number, I get no response. Once when I answered, a computer message came on and I hung up…if you know how to end these calls, please let me know." (Sick of This, 12/16/2009)

- "I am not willing to get any calls from 773-553-5700!!! This number is calling me pretty much every day and even at night time saying that my child by name Angel is not attending school. I'll tell you what — I don't have any children and I don't even live in Chicago area! PLEASE make it stop!!!! I don't even know where did they get my cell number! It is so annoying you can not even imagine (especially at night time!!!) Btw all those calls are from Chicago Public School. But which one? I have no clue." (Karina, 06/02/14)

**CLASS ACTION ALLEGATIONS**

31. Plaintiff brings this action on behalf of himself and two nationwide classes (together, the "Classes") defined as follows:

(i) The Called Party Class: All persons in the United States and its Territories whose cellular telephones received one or more telephone calls from Blackboard featuring a prerecorded or artificial voice where the called party was not the same individual who, according

9

to Blackboard's records, provided the phone number to Blackboard and/or its customer schools; and

(ii) The Revocation Class: All persons in the United States and its Territories whose cellular telephones received one or more telephone calls from Blackboard featuring a prerecorded or artificial voice after communicating to Blackboard and/or its customer schools that Blackboard did not have consent to make any such calls to that telephone number.

32. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

33. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

34. Blackboard has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

35. The factual and legal bases of Blackboard's liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to Plaintiff and to all of the other

members of the Classes. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Blackboard's unlawful and wrongful conduct.

36. Upon information and belief, there are over 1,000 members of both Classes such that joinder of all members is impracticable.

37. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

> (a) Did Blackboard and/or its agents place calls using a prerecorded or artificial voice to the cellular phones of persons that did not previously provide consent to receive such calls on their respective cellular telephone numbers?
>
> (b) Did Blackboard and/or its agents systematically continue to place calls using a prerecorded or artificial voice to the cellular phones of persons who previously communicated to Blackboard and/or its customer schools that they did not consent to receive such calls?
>
> (c) Did the unauthorized calls made by Blackboard using a prerecorded or artificial voice violate the TCPA?
>
> (d) Was Blackboard's conduct in violation of the TCPA willful such that the members of the Revocation Class are entitled to treble damages?
>
> (e) Should Blackboard be enjoined from continuing to engage in such conduct?

# COUNT I
## (Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of both Classes)

38. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

39. Blackboard made unsolicited and unauthorized calls using a prerecorded or artificial voice to the cellular telephone numbers of Plaintiff and the other members of the Classes.

40. Blackboard has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), and its implementing regulations, 47 C.F.R. §64.1200, *et seq*.

41. As a result of Blackboard's illegal conduct, the members of the Classes have had their privacy rights violated, have suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

42. Blackboard's misconduct was willful and knowing, and the Court should, pursuant to § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Revocation Class.

WHEREFORE, Plaintiff, on behalf of himself and the two Classes, prays for the following relief:

1. An order certifying the Classes as defined above;

2. An award of statutory damages;

3. An injunction requiring Defendants to cease all unauthorized prerecorded or artificial voice telephone activities;

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief as the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: December 22, 2014

RAFAEL VALLADARES, individually and on behalf of classes of similarly situated individuals

By: /s/ Evan M. Meyers
One of Plaintiff's Attorneys

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
161 North Clark Street, 47th Fl
Chicago, Illinois 60601
Tel: (312) 216-5179
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com