IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RAFAEL VALLADARES, individually and on behalf of classes of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>BLACKBOARD, INC., a Delaware corporation, and BLACKBOARD CONNECT, INC., a North Carolina corporation,<br><br>Defendants. | Case No. 1:14-cv-10272<br><br>Judge Hon. Samuel Der-Yeghiayan<br><br>Magistrate Hon. Sheila M. Finnigan |

### DEFENDANTS BLACKBOARD INC. AND BLACKBOARD CONNECT INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO STAY THIS MATTER PENDING A RULING BY THE FCC ON DEFENDANTS' PETITION

Defendants Blackboard Inc. ("Blackboard") and Blackboard Connect Inc. ("Blackboard Connect"), by and through their counsel, Martin W. Jaszczuk and Keith L. Gibson, submit this Motion to Dismiss Plaintiff's Complaint or, In the Alternative, to Stay this Matter Pending a Ruling by the FCC on Defendants' Petition, and state as follows:

1. Plaintiff filed his Complaint against Blackboard and Blackboard Connect on December 22, 2014. The Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and its regulations, 47 C.F.R. § 64.1200, *et seq.* ("TCPA").

2. Specifically, Plaintiff seeks to hold Blackboard and Blackboard Connect liable for calls using an artificial or prerecorded voice that he alleges he received in violation of the TCPA.

3. But Plaintiff's Complaint fails to make any properly supported factual allegations indicating that Blackboard or Blackboard Connect placed the purported calls. In fact, Plaintiff's allegations and the contract incorporated by reference (*see Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012); *see also* Compl., ¶¶ 12, 25) indicate that the

Chicago Public Schools ("CPS") made the purported calls and that Defendant Blackboard Connect merely provided software and support for CPS to place informational calls to students, teachers, and parents. *See* Exhibit 1 to Defendants' Memorandum in Support of this Motion. Therefore, on the face of the Complaint, neither Defendant can be held liable because they did not *initiate* the calls as required under the TCPA for a finding of direct liability. *See Smith v. State Farm*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014)(citing *In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 ¶ 26 (2013)).

4. Moreover, Plaintiff also fails to state a claim against Blackboard, the parent company of Blackboard Connect, as he improperly lumps the Defendants together, even though (a) none of the calls at issue refer to Blackboard (nor to Blackboard Connect), and (b) the CPS contract that Plaintiff incorporates by reference is with Blackboard Connect – *not* with Blackboard. Plaintiff cannot, without more, allege that Blackboard is liable for any purported actions of its subsidiary. *See Acme-Hardesty Co. v. Van Leer Malaysia SDN. BHD,* 08 C 4249, 2009 WL 537078, *9 (N.D. Ill. Mar. 4, 2009); *U.S. v. Ortho-McNeil Pharm., Inc.*, No. 03 C 8239, 2007 WL 2091185, * 5 (N.D. Ill. July 20, 2007)(same).

5. In the Alternative, Defendants ask this Court to stay this matter under the primary jurisdiction doctrine pending their Petition to the FCC seeking declaratory rulings regarding issues pertinent to this matter. *See* Exhibit 2 to Defendants' Memorandum in Support of this Motion. Such a stay is proper under the primary jurisdiction doctrine because the issues sought to be resolved under the Petition are within the special competence of the FCC. *See Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). Moreover, there exists a substantial danger of inconsistent rulings on the issues that are the subject of Defendants' Petition, and permitting the FCC to establish a clear precedent will help avoid any lack of uniformity across

courts. Moreover, a stay pending resolution of the Petition will conserve judicial resources by allowing the FCC to use its expertise to first clarify the specific application of the TCPA to the questions raised in the Petition before expending significant judicial resources only to have the FCC later provide its opinion.

February 27, 2015

Respectfully submitted,

BLACKBOARD, INC. and
BLACKBOARD CONNECT, INC.

By: /s/ Martin W. Jaszczuk
Martin W. Jaszczuk (6277720)
Keith L. Gibson (6237159)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0610 (Phone)
(312) 896-6610 (Fax)
Email: mjaszczuk@lockelord.com
Email: kgibson@lockelord.com

**CERTIFICATE OF SERVICE**

I, Martin W. Jaszczuk, an attorney, do hereby certify that I caused **DEFENDANTS BLACKBOARD, INC. AND BLACKBOARD CONNECT, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO STAY THIS MATTER PENDING A RULING BY THE FCC ON DEFENDANTS' PETITION** to be served on all persons and entities registered and authorized to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on February 27, 2015.

By: /s/ Martin W. Jaszczuk