# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAFAEL VALLADARES, | ) |
| Plaintiff, | ) |
| v. | ) No. 14 C 10272 |
| BLACKBOARD, INC., a Deleware corporation, and BLACKBOARD CONNECT, INC., a North Carolina corporation, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Blackboard, Inc.'s (Blackboard) and Blackboard Connect, Inc.'s (Blackboard Connect) motion to dismiss and motion in the alternative to stay. For the reasons stated below, the motion to dismiss and the motion to stay are denied.

## BACKGROUND

Plaintiff Rafael Valladares (Valladares) alleges that Defendants entered into a contract (Contract) with the Chicago Public Schools (CPS) to provide an automated calling service for CPS. Valladares contends that after the Contract was entered into, Defendants made numerous unsolicited and unauthorized prerecorded telephone calls

1

(Robocall Notifications) to his cellular telephone on behalf of CPS. Valladares maintains that although he repeatedly contacted and informed CPS that Defendants were not authorized to call his cellular phone, the Robocall Notifications continued. Valladares' complaint consists of two claims alleging violations of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227 against Defendants. Defendants now move to dismiss all claims, or in the alternative, to stay the instant action.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendants argue that Valladares has failed to allege sufficient facts to state a valid claim for relief. (Mem. 1-15). Defendants also request, in the alternative, that the court stay the instant action pending a ruling by the Federal Communications Commission (FCC).

I. Contract

Defendants and Valladares have each attached copies of the Contract to their briefs. (Ex. A). Generally, a court "may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013). However, Federal Rule of Civil Procedure 10(c) permits certain documents attached to Rule 12(b)(6) motions to dismiss to be considered. *Id.* Such documents "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006)(internal quotations omitted)(quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)). The Contract is

referenced in Valladares' complaint and is central to his TCPA claim.  Accordingly, the court will consider the Contract for purposes of adjudicating the instant motion to dismiss without converting the motion into a motion for summary judgment.

II.  Blackboard

Defendants argue that Blackboard is improperly named as a defendant in this action and should be removed.  (Mem. 10-11).  Specifically, Defendants contend that Valladares makes no allegations against Blackboard.  (Mem. 10-11).  Defendants also maintain that Blackboard was not a party to the Contract and should therefore not be held liable for the alleged actions of its subsidiary, Blackboard Connect.  (Mem. 10-11).  Valladares, however, references the Contract in his complaint and specifically alleges that both Blackboard and Blackboard Connect violated the TCPA when they called his cellular phone.  (Compl. 1-12).  Further, to the extent Defendants argue that Blackboard was not a party to the Contract, page seven of the Contract lists addresses for both Blackboard and Blackboard Connect and requires that all notices in connection with the Contract be sent to both Blackboard and Blackboard Connect.  (Ex. A 7).   Additional discovery might establish that Blackboard was not a party to the Contract and not liable in this action.  However, at this juncture, Valladares has sufficiently alleged facts that suggest Blackboard may have violated the TCPA.  (Compl. 1-12).  Accordingly, Defendants' request to remove Blackboard as a named defendant is denied.

III. Motion to Dismiss

Defendants argue that Valladares has failed to allege sufficient facts to state a valid claim under the TCPA. The TCPA provides in pertinent part the following:

> It shall be unlawful . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice - to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A)(iii).

Defendants dispute the facts alleged in the complaint and argue that they should not be held liable under the TCPA since they did not send the Robocall Notifications to Valladares. (Mem. 6-11). Defendants cite to selective provisions of the Contract that they contend will demonstrate that CPS actually made such notifications. (Mem. 8-10; Ex. A). Valladares, however, alleges that under the terms of the Contract only Defendants had the capability to make the Robocall Notifications. (Resp. 9-14; Ex. A). According to the Contract, Defendants agreed to provide CPS with services in 2014 that included "[u]nlimited outbound notification to landline phones, cellular phones, satellite phones, e-mail to computers, e-mail to data capable devices (e.g. PDA, alpha pager), and text messaging and two-way messaging to SMS devices (e.g. cell phone and other texting." (Ex. A). Valladares contends that, based upon the Contract, all Robocall Notifications from CPS during that time period were therefore made by Defendants. At this juncture, the facts presented by Valladares must be accepted as true. *Morgan Stanley Dean Witter, Inc.*,

673 F.3d at 622.  Valladares has thus alleged facts that would suggest that Defendants made the Robocall Notifications to him on behalf of CPS.  Accordingly, Defendants' motion to dismiss is denied.  The court notes that at the summary judgment stage, Valladares will need to point to sufficient evidence to support his TCPA claim.

IV.  Motion to Stay

Defendants request in the alternative that the court stay the instant action, pending a decision by the FCC.  Defendants argue that they have petitioned the FCC for declaratory relief concerning issues relating to prior consent and the TCPA's exemption for certain calls made for emergency purposes.  (Mot. 11-15; Ex. 2).  Valladares, however, has not alleged that he consented to receive any of the Robocall Notifications in question nor does he allege that any such calls were ever identified as emergency-related.  (Compl. 5-6).  Unlike the issues before the FCC, the sole issue before this court at this early stage in the proceedings is whether Valladares has alleged sufficient facts to state a valid claim under the TCPA.  As explained above, Valladares has met his pleading burden in that regard.  At the summary judgment stage, Defendants will have an opportunity to establish that they are not liable under the TCPA based upon more complete and detailed evidence gathered during discovery.  However, it is premature at the motion to dismiss stage to consider such matters.  Judicial economy would not be served if this case is allowed to stagnate on the court's docket, waiting indefinitely for a decision by the FCC which may or may

not be relevant.  The court concludes that the appropriate course at this juncture is for the parties to proceed with discovery.  Therefore, the motion to stay is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss and alternative motion to stay are denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   July 21, 2015